WILLIAM K. HARRINGTON  
UNITED STATES TRUSTEE, REGION 2  
U.S. Department of Justice  
Office of the United States Trustee  
201 Varick Street, Room 1006  
New York, NY 10014  
Tel. (212) 510-0500  
By:   Andrea B. Schwartz, Esq.  
      Trial Attorney

<u>Hearing Date and Time:</u>  
May 15, 2020, at 10 a.m.  
<u>Relates to</u>: ECF No. 8

UNITED STATES BANKRUTPCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------ X  
In re                                                 :        Chapter 11  
                                                          :  
51 East 73rd Street, LLC,                       :        Case No. 20-10683 (SHL)  
                                                           :  
                                  Debtor.        :  
------------------------------------------------------------ X  

## UNITED STATES TRUSTEE'S STATEMENT IN SUPPORT OF APPOINTMENT OF CHAPTER 11 TRUSTEE <u>AND RELEVING RECEIVER OF HIS DUTIES</u>

TO:       THE HONORABLE SEAN H. LANE,  
             UNITED STATES BANKRUTPCY JUDGE:

      William K. Harrington, the United States Trustee for Region 2, in accordance with the Court's directives at the April 23, 2020 hearing, respectfully submits this Statement in support of the appointment of a trustee. In support hereof, the U.S. Trustee states:

### Introduction

      The Court should appoint a Chapter 11 trustee in the captioned case and has authority to do so under both Sections 1104(a) and 1104(b). In the relatively short time that this Debtor has been under the Court's jurisdiction, the fundamental filings required for the commencement of a bankruptcy case and the prosecution thereof are replete with errors, inaccuracies and missing information. Despite that the Debtor is not operating, the Debtor was unable to file its monthly operating report timely. These failings, described more fully herein, at a minimum demonstrate

what may fairly be characterized as incompetence on the part of the Debtor. Moreover, this post-petition conduct, coupled with the fact that pre-petition, the state court not only appointed a receiver but also issued a contempt citation against the debtor (a sanction that no court takes lightly), provide the Court with sufficient evidence to seriously consider whether management of the Debtor should not be replaced with a reliable, independent fiduciary, familiar with the bankruptcy process and the reorganization and/or liquidation of debtors in Chapter 11.

The Court need not rely solely on the numerous problems with the bankruptcy filings to find cause. The Debtor's failure to comply with the Court's specific directives at hearings held before it regarding the timely payment of taxes and delivery of settlement proposals to the secured creditor also show that the management of this Debtor is not able to properly discharge the debtor's duties under the Code, including following the Court's orders. At the last hearing held in this case, three individuals, namely, Monique Ender Silberman, Arthur Spitzer and Mendy Goldstein appeared for the first time. No one at the hearing, except for perhaps the Debtor, knew who these people were or what their actual roles were in the case. Notably, in a declaration filed on May 4, 2020, by Monique Ender Silberman, on behalf of the Debtor and at the Court's direction, acknowledges that after the case was filed, the Debtor entered into an unauthorized, post-petition transaction whereby it transferred 75% of the Debtor's equity to Central Park Partners LLC. All of these actions constitute cause and warrant the appointment of a Chapter 11 trustee in this case.

Should the Court decline to appoint a trustee for cause, it should nonetheless take this action because it would be in the best interest of creditors. As a non-operating Debtor, there is no need to keep the receiver in place. A Chapter 11 trustee could safeguard the assets, which primarily consist of the property at 51 East 73rd Street, and determine in an organized manner,

how the Debtor's assets can be preserved, and what would be the best disposition of the assets, whether that be by reorganization or liquidation. The Court's appointment of an independent fiduciary will provide the transparency that is required in bankruptcy proceedings to preserve the integrity of the process and maintain the public's confidence in the Court and the bankruptcy system.

Respectfully, for these reasons the Court should appoint a trustee in this case.

## Statement

Section 1104(a) of the Bankruptcy Code sets forth two standards for the court's determination of the necessity of appointing a Chapter 11 trustee. Section 1104(a) provides:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104(a)(1), (2).

Under Section 1104(a)(2), a court may appoint a trustee if "such appointment is in the interests of creditors, any equity security holders, and other interests of the estate." *USHA SoHa Terrace LLC v. RGS Holding, LLC (In re Hans Futterman),* 584 B.R. 609, 617 (Bankr. S.D.N.Y. 2018). "Factors to be considered by the court in considering a request under section 1104(a)(2) include the trustworthiness of the debtor, the debtor's past and present performance and

3

prospects for rehabilitation, the confidence or lack thereof of the business community and of creditors in present management, and the benefits derived from the appointment of a trustee balanced against the cost of the appointment." (citing *In re 1031 Tax Group*, 374 B.R. 78, 91 (Bankr. S.D.N.Y. 2007). "In essence, § 1104(a)(2) reflects the practical reality that a trustee is needed." *1031 Tax Group, LLC*, 374 B.R. at 91. The appointment of a Chapter 11 trustee is in the best interest of the creditors for several reasons.

**A.       Cause Exists for the Appointment of a Trustee under 11 U.S.C. 1104(a)**

This bankruptcy case was commenced on March 3, 2020, and since that time, nearly all of the fundamental filings required to be filed to commence a case under Chapter 11, intended to, among other things, to support the validity of the filings and provide transparency have been fraught with errors, inaccuracies and missing information. This appears from the very first document, the Voluntary Petition. ECF No. 1. The Petition was signed under penalty of perjury by Monique Ender Silberman (hereinafter, "Monique"), as "Manager." *Id*. The "Corporate Resolution" annexed to the petition provides that on March 3, 2020, a Special Meeting of the Company was held and, among other things, Monique, the Manager, was authorized to commence this bankruptcy case on behalf of the Debtor. Notably, the Corporate Resolution is signed by Monique, who, on information and belief, was not a corporate officer or board member. This fact was acknowledged by the Debtor in the filings on May 4, 2020, that the Court directed concerning, among other things, the validity of the commencement of the case and the ownership structure of the Debtor.

On May 4, 2020, the Debtor filed two declarations, each signed by Monique. *See* ECF Nos. 24 and 26. Attached to the first declaration are documents that appear to support the conclusion that Simone Ender, Monique's mother, is the 100% owner of 51 East 73rd Street

Holding LLC ("Holdings") and that Holdings is the 100% owner of the Debtor; that is, at least as of the Petition Date. Exhibit B to Simone's First May 4, 2020 declaration (the second to last page of the declaration and attachments in toto), appears to be a Corporate Resolution signed by Simone Ender, the sole member of Holdings, the sole member of the Debtor, dated March 3, 2020. (ECF No. 24). According to this resolution, Simone certifies, among other things, that she appointed Monique as "Manager" of the Debtor "with full power to authorize, approve, or take any action on behalf of the [Debtor] and to bind the [Debtor]," to commence the Chapter 11 case and to hire Leo Fox as counsel to the Debtor. The existence of this Corporate Resolution, dated March 3, 2020, the same date as the Corporate Resolution signed by Monique, begs the question as to why the Corporate Resolution signed by Simone, the only equity owner who could execute a Corporate Resolution on behalf of the Debtor, was not filed on the Petition Date with the Petition as required by the Local Rules. Further, the existence of the Corporate Resolution signed by Simone, creates a question as to why there ever was a Corporate Resolution, that says the same thing, but is signed by Monique?

In addition, to the absence of the March 3, 2020 Corporate Resolution signed by Simone from the Debtor's first day filings, other irregularities are present in the Petition. The petition requires at No. 7 that the Debtor elect whether it qualifies as a single asset real estate case. *See* Petition No. 7. Under Section 101(51B), the Code defines a "single asset real estate" ("SARE") as:

> real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.

11 U.S.C. § 101(51B). Designating a Chapter 11 case as a SARE imposes heightened requirements on a debtor, including placing the debtor on an expedited timeline either to: (i) file a plan of reorganization that has a reasonable chance of being confirmed and (ii) begin making monthly payments to the secured creditor at the loan's nondefault contract interest rate within 90 days of the bankruptcy filing. *See* 11 U.S.C. § 362(3). The facts in this case appear plain that the Debtor is a SARE, however, the Debtor did not check the box making this election. In fact, the Amended and Restated Limited Liability Company Operating Agreement for 51 East 73rd Street LLC that the Debtor filed on May 4, 2020, annexed to the Monique Declaration (ECF No. 24), provides at Art. 1.6 that the business purpose of the Debtor: "… is to own, hold, sell, assign, transfer operate lease, manage, mortgage, pledge and otherwise deal with that certain parcel of real property, together with all improvements located thereon, located at 51-53 East 73rd Street, New York, New York…" Operating Agreement at Art. 1.6, ECF No. 24, Ex. A. Accordingly, the Debtor prevented the Court, the U.S. Trustee and other interest parties from being alerted to the fact that this case would be subject to these heightened restrictions and move forward on a shortened time frame.[1]

The Debtor also asserts venue based upon "a bankruptcy case concerning debtor's affiliate, general partner or partnership is pending in this district." *See* Petition No. 11. However, in response to Petition Question 10, which inquires whether any of the debtor's business partners or affiliates have pending bankruptcy cases, the Debtor checked the box for "No." *See* Petition No. 10.

---

[1] It is noted that in the 1007-1 Affidavit signed by Monique, Monique also acknowledges that the Debtor's business is to own and operate the building at 51-53 East 73rd Street, New York, NY. *See Declaration Pursuant to Rule 1007* at 4. Monique states that the building consists of 18 rental units, however, she also states that this includes is 16 residential units and 4 doctors' units. *Id.* Thus, one of these statements is inaccurate.

Similar inaccuracies or inconsistencies are present in the Schedules of Assets and Liabilities that the Debtor filed on March 17, 2020. In response to question 1a of Official Form 206Sum, the Debtor states that it owns real property worth $250,0000. *See Summary of Assets and Liabilities,* at 1a. However, the Debtor's counsel has stated at multiple hearings and submitted an appraisal asserting that the value of the real property is $38 million, and that the value is far in excess of the amount of secured debt which the Debtor asserts is far less than the asserted $24-$25 million asserted by the secured creditor. Whereas Monique, in the 1007-1 Declaration at Ex. B acknowledges the asserted debt of the secured creditor is $24 million (disputed), in the Schedules that she signed under penalty of perjury she represents that the amount of the secured debt is $15,250,000. *See* Summary of Schedules at 2 and Schedule D at 2.1. ECF No. 17. It is noted that on May 4, 2020, the Debtor filed an amended Schedule D where it acknowledged the debt of the secured creditor at $24,000,000 (albeit disputed) and included the $38 million as the asserted value.

On April 22, 2020, the Debtor filed its Statement of Financial Affairs ("SOFA"). ECF No. 22. Monique signed this document under penalty of perjury as "Monique Ender Silberman" also on April 22, 2020. In response to the question next to her signature in Part 14 of the SOFA, Monique represents that her position or relation to the Debtor is "Managing Member" and not as "Manager" as she previously represented in the 1007 Affidavit. *Id.* Based upon the two supplemental declarations she filed on May 4, 2020, it appears she now acknowledges she is not the Managing Member, but rather the Manager. *See* ECF Nos. 24 and 26. In response to SOFA question 28, requiring disclosure of the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case, Monique answers as follows:

| Name | Address | Position and Nature of Any Interest | % of interest if any |
|---|---|---|---|
| Monique Ender Silberman on behalf of Simone Ender | 710 Park Avenue, New York, NY 10021 | Managing Member and 25% equity holder | 25% equity holder |
| Central Park Partners LLC | | Equity Owner | 75% |

Importantly, in each of the declarations that the Debtor submitted which are signed by Monique, Monique states the following:

> Shortly *after the Bankruptcy Petition was filed*, we finalized an agreement with Arthur Spitzer who has the experience, the ability and the finances to resolve the debts owed by the Debtor and also to effect a renovation and construction of the Debtor's property to maximize its value. Arthur Spitzer received 75% of the equity for these efforts. Arthur Spitzer transferred this interest to his wholly entity Central Park Partners LLC. Mendy Goldstein is the manager for Arthur Spitzer and also has experience in the construction and renovation of real property. Both Mr. Spitzer and Mr. Goldstein fully support the Debtor's Chapter 11 filing and efforts to resolve the claims against it.

Ender Declaration dated May 4, 2020, at ¶ 6. (emphasis added).

Here, Monique acknowledges that she permitted a post-petition, unauthorized transfer of 75% of the equity in the Debtor without court authorization. In addition, it is unclear what value was given to the Debtor by Mr. Spitzer in exchange for a majority stake in the ownership of this Debtor, or for that matter, whether Mr. Spitzer also acquired ownership interests in Holdings or any other assets.

For all of these reasons, cause exists for the appointment of a trustee under 11 U.S.C. § 1104(a).

**B.     The Appointment of a Trustee is in the Best Interest of Creditors**

Alternatively, should the Court decline to find that cause exists, the appointment of a trustee is in the best interest of creditors. The post-petition conduct in this case has demonstrated that the creditors and the Debtor, for that matter, would benefit from the

appointment of a Chapter 11 trustee. Because there is a substantial asset that has to be addressed in these cases, as well as other small creditors, the appointment of a trustee would be an appropriate and efficient use of the independent fiduciaries allowed under the Code. There is no need to not release the state court receiver as any administration of estate assets can be handled ably and efficiently by a trustee, familiar with the bankruptcy process and familiar and skilled at operating under the jurisdiction of this Court. For these reasons, if the Court does not find cause sufficient to appoint a trustee, the Court should appoint one as it would be in the best interest of creditors.

Dated:  New York, New York
        May 8, 2020

                                        WILLIAM K. HARRINGTON
                                        UNITED STATES TRUSTEE

                                        By    /s/ Andrea B. Schwartz
                                             Andrea B. Schwartz, Esq.
                                             Trial Attorney