Rosen & Kantrow, PLLC
*Counsel to Central Park Partners, LLC*
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Alex E. Tsionis, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:                                                          Chapter 11

    51 EAST 73RD ST LLC,                    Case No.: 20-10683-shl

                              Debtor.
--------------------------------------------------------x

**OMNIBUS RESPONSE TO THE MOTIONS TO DISMISS, TURNOVER BY THE RECEIVER, MOTION TO USE CASH COLLATERAL AND THE REQUEST FOR THE APPOINTMENT OF AN OPERATING TRUSTEE**
**<u>BY CENTRAL PARK PARTNERS, LLC</u>**

      Central Park Partners, LLC ("<u>CCP</u>"), an interested party in the above-captioned Chapter 11 case, by and through their attorneys, Rosen & Kantrow, PLLC, as and for its Omnibus Response to the Motions to Dismiss, Turnover by the Receiver, Motion To Use Cash Collateral and the Request for the Appointment of an Operating Trustee, respectfully represents as follows:

      1.      This firm was retained today by CCP to represent its interests in this case. The undersigned apologizes for the late filing. However, the undersigned deemed that it is appropriate to let the parties know that CCP has separate counsel and to attempt to clarify some of the issues raised in the various pleadings in advance of participating in tomorrow's hearing.

      2.      CCP is the party that acquired seventy-five (75%) percent of the equity in the Debtor shortly after the filing. While some of the pleadings have asserted that such a transaction required court approval, there does not appear to be any authority for such a proposition. The Debtor's equity is not property of the estate and the assets of the Debtor remain subject to this Court's jurisdiction.

3.      As the new majority owner of the Debtor's equity, CCP infused so far, without any of the protections of DIP financing the amount of approximately $220,000.00, and will continue to provide funding for the administration and approval of a Plan of Reorganization in this case.  CCP reserves its rights to seek approval of DIP financing for some or all of future funds to be advanced. However, to properly manage this property and the case, unfettered access is needed to the property.

4.      The motion papers as to the turnover or retention of the Receiver are replete with allegations against the principals of the Debtor and the Contempt issued by the New York State Court. A collateral attack on that order in this case would not be appropriate.  However, neither CCP nor its principal was involved with the Debtor at that point in time. CCP and its member and employees are experienced real estate managers and require complete and unfettered access to the property in order to pursue the development of this property to obtain maximum value for creditors of the Debtor and equity.

4.      CCP joins in the Debtor's Memorandum of Law which sets forth the law on the grounds for terminating a Receiver and what acts constitute a basis to appoint an operating trustee.

5.      There have been no post-petition acts by the Debtor or CCP that would lead to either the retention of the Receiver or the appointment of an operating trustee.  This is a vacant building, with no income at present.  Whether it should be vacant is an issue that can be addressed when the Receiver files his accounting with this Court.

6.      It is uncontroverted that the Receiver allowed over thirty (30) building violations against the property that have not been remediated.  As this Court is aware, receivers are permitted to seek contribution from the lender that sought their appointment to maintain the

property. This Receiver did not do that. Post-petition violations will be administrative claims for which the estate will be liable. The estate should have the ability and the responsibility to address issues in the property. Recently, the Receiver severely limited the time CCP could inspect the building. Leaving the Receiver in place is, under applicable law, this Court's abstention as to the management of the building. Such abstention in a case that hinges on the development of the property is antithetical to the bankruptcy purpose. If there are insufficient grounds to appoint an operating trustee for post-petition acts, the Receiver should not be retained.

7. Turning to the issue of adequate protection, CCP agrees with the United States Trustee that this is a single asset real estate case, regardless of whether or not the appropriate box was checked on the petition. As such, the Debtor, pursuant to 11 U.S.C.§ 363(d)(3), is required to either file a plan that meets the statute's requirements by the ninetieth (90th) day (which is several weeks away) or to commence making adequate protection payments by that date. While that section does not preclude this Court from granting different relief, that statute is indicia of what Congress thought was adequate protection in SAR cases. In this case, the lender has obtained adequate protection about a month early and has also obtained the benefit of payment of pre and post-petition real estate taxes. Given the fact that the Debtor's appraisal (which CCP is having updated to take into effect current market conditions) showed significant equity, it is respectfully requested that no further adequate protection payments be required until after the ninetieth (90th) day has passed and the Court can evaluate any plan filed by the Debtor.

8. There are other collateral issues that the undersigned would like to discuss tomorrow, and CCP believes that the information provided herein will facilitate matters at tomorrow's hearing.

Dated: Huntington, New York
May 14, 2020

Respectfully submitted,

Rosen & Kantrow, PLLC
Attorneys for Central Park Partners, LLC

BY:     */s/ Avrum J. Rosen*
Avrum J. Rosen
Alex E. Tsionis
38 New Street
Huntington, New York 11743
(631) 423 8527
arosen@rkdlawfirm.com
atsionis@rkdlawfirm.com