**WENIG SALTIEL, LLP**
26 Court Street - Suite 1200
Brooklyn, New York 11242
Telephone: (718) 797-5700
Jeffrey L. Saltiel

*Counsel to Receiver, Bruce N. Lederman*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re                                              :
                                                   :     Chapter 11
51 EAST 73RD ST LLC                                :
                                                   :     Case No. 20-10683 (SHL)
                                        Debtor.    :
---------------------------------------------------------------x

## NOTICE OF HEARING
## TO SETTLE AND APPROVE THE FINAL ACCOUNTING OF THE RECEIVER

**PLEASE TAKE NOTICE** that a hearing on Receiver Bruce N. Lederman's ("Receiver") Motion Seeking an Order:

I. Pursuant to 11 U.S.C. § 543(b)(2), settling and approving the final accounting of the Receiver of the real property known as 51-53 East 73rd Street, New York, NY 10021 (Block: 1388, Lot: 30) (the "Subject Premises"), which is presently owned by 51 East 73rd St LLC (the "Debtor") for all monies collected and disbursed during the pendency of the instant receivership, from the date of appointment to date;

II. Directing NYC NPL Servicing LLC ("NYC NPL") to advance the sum of $19,714.01 to Bruce N. Lederman as Receiver within 10 days of the date of this order;

III. Authorizing the Receiver to forthwith pay himself $6,000.00 for his final commission;

IV. Authorizing the Receiver to forthwith pay Jeffrey Saltiel the sum of $13,362.50 for legal services previously rendered plus $2,100.00 in fees for legal services rendered to the Receiver in preparation of the instant motion, including court appearances, for a total of $15,462.50;

V. Authorizing the Receiver to forthwith pay Mitchell Asher the sum of $4,000.00 for services provided as Property Manager;

VI. Directing that the Receiver, Bruce N. Lederman, is discharged; and

VII. Directing that the Receiver's bond and the Surety are discharged.

The hearing on the Motion will be held on **June 18, 2020 at 10:00 a.m. (ET)**, or as soon thereafter as counsel can be heard (the "Hearing") before the Honorable Sean H. Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that the Motion has been filed electronically with the Clerk of the United States Bankruptcy Court for the Southern District of New York, and may be reviewed by all registered users of the Court's website at www.nysb.uscourts.gov. Copies of the Motion are available upon request to the undersigned attorney for the Receiver, Attn: Jeffrey L. Saltiel, jsaltiel@ltattorneys.com.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be (a) in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, (c) filed with the Bankruptcy Court in accordance with General Order M-242 (as amended) -- registered users of the Bankruptcy Court's case filing system must file electronically and all other parties in interest must file on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows' based word-processing format), (d) submitted in hard-copy form directly to the chambers of the Honorable Sean H. Lane, United States Bankruptcy Judge, and (e) served upon (i) counsel to the Receiver,

    Attn:    Jeffrey L. Saltiel, Esq.
              Wenig Saltiel, LLP
              26 Court Street, Suite 1200
              Brooklyn, NY 11242

    and    The Office of the U.S. Trustee for the Southern District of New York
              U.S. Federal Office Building
              201 Varick Street, Room 1006
              New York, New York 10014.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without notice to any creditor or other party in interest other than by announcement of the adjourned date in open court on the date of the Hearing.

Dated:        Brooklyn, New York
               May 28, 2020

                                          _/s/ Jeffrey L. Saltiel_
                                        Jeffrey L. Saltiel, Esq.
                                        Wenig Saltiel, LLP
                                        26 Court Street, Suite 1200
                                        Brooklyn, NY 11242

                                          _Counsel to the Receiver_

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
IN RE:

51 EAST 73RD ST LLC,   Case No.: 20-10683 (SHL)
                       Chapter 11

                 Debtor.

                                   **RECEIVER'S FINAL ACCOUNTING**
------------------------------------------------------x

**TO THE UNITED STATES BANKRUPTCY COURT
OF THE SOUTHERN DISTRICT OF NEW YORK:**

Pursuant to an Order of this Court dated May 22, 2020, I, the undersigned, Bruce N. Lederman, hereby render the following Final Account of all proceedings had by me as Receiver of the rents, issues and profits of the premises known as 51-53 East 73rd Street, New York, NY 10021, (the "Subject Premises") for the period of July 2019 through May 2020 under penalty of perjury:

1. On July 17, 2018, the Hon. Judith McMahon, J.S.C. appointed John G. Hall as Receiver of the Subject Premises. Thereafter, by Order dated November 5, 2018, I was appointed Receiver in place of John G. Hall. A copy of the November 5, 2018, and the July 17, 2018, Orders of this Court are annexed hereto as **Exhibit "A".**

2. On or about November 29, 2018, after my appointment but prior to my qualification, I spoke to David Ross of Meister Seelig & Fein LLP, the attorney representing 51 East 73rd ST LLC, Simone Ender, and Monique Ender (collectively,

"Debtor"). Despite several attempts and demands for documents and monies and keys from the Debtor beginning in November 2018, I was unable to perform any of the duties entrusted to me as Receiver until I moved by Order to Show Cause on October 24, 2019, for an Order to hold Debtor in contempt, which was granted after a full hearing on November 14, 2019.

3. On December 10, 2018, I filed my bond and my Oath of Temporary Receiver. By Order dated May 16, 2019, I was authorized to retain the services of counsel, Jeffrey L. Saltiel, Esq., 26 Court Street, Suite 1200, Brooklyn, NY 11242, and Mitchell Asher of MAG Realty Corp., 475 Washington Ave., Suite 2C, Brooklyn, NY 11238, as Property Manager and to pay him a monthly fee of $2,000.00. See **Exhibit "B"**.

4. In preparing the within Final Accounting, my counsel gathered information from the records which I maintained and which my Property Manager maintained for the receivership since its inception.

5. To begin, when I first visited the property in August 2019, the building was not occupied by any lawful tenants. There were only occupants in the building, who were either friends or acquaintances of Ms. Monique Ender Silberman, the Manager of the Real Property. All the occupants of the building claimed they did not pay rent. It took several visits by me with the police, security and locksmiths to eventually remove all of the illegal occupants.

6. Between August 2019 and February 2020, Monique Ender frequently and illegally granted access to the apartments to friends, acquaintances as well as travelers to use for temporary housing or for storage purposes, which was in clear violation of the receivership orders and for which she was found in contempt of court.

7. During the period of my Receivership I received a total of $105,346.75 consisting primarily of advances by NYC NPL Servicing LLC (the "Secured Lender"). I made disbursements to date of $99,598.26 leaving a balance of $5,748.49 in my Receivership account. See **Exhibit "C"**. I have summarized the income, expenses, and outstanding expenses of the Receivership, including legal fees, in Schedule A, which is annexed to this accounting.

8. The within Final Accounting covers the financial transactions for the time period of the receivership from March 2019 through May 2020 during which only $4,000 in income was collected. The receivership has necessitated the expenditure of a significant amount of time in the management of the premises and in responding to the inquiries and demands regarding the premises and emergency repairs in addition to telephone conferences and multiple court appearances.

9. Section 8004(a) of the Civil Practice Law and Rules provides for the Receiver's commission of up to five percent (5%) of the sums received and disbursed by the Receiver. However, because of the inability of the Receiver to collect rent at the Premises, the Secured Lender and I have agreed to be remunerated at a rate of $2,000.00 per month beginning March 2019. I have already received $24,000.00

from the Secured Lender for my services for the period of March 2019 through February 2020. The final Receiver's Commission for the period of March 2020 through May 2020 is $6,000.00.

10. In <u>Flotteron v. JEL Realty</u>, 58 AD3d 677, 677 (2d Dept 2009), the Appellate Division found that the Supreme Court may direct the parties who sought the appointment of a Receiver, like in the case herein, to pay for necessary expenses and compensation, which "exceeds the money in the receiver's hands upon termination of the receivership." In that case, the Appellate Division reasoned the Supreme Court acted within its discretion upon determining that special circumstances existed which warranted recovery in excess of the statutory five percent of the amount collected by the receiver in rents, as in this case where I have agreed with the Secured Lender to receive $2,000.00 per month for my services.

11. Similarly, in <u>Parker Note Acquisition v. Parker Ave. Assoc. LLC</u>, 44 Misc 3d 1214[A] (Sup Ct, Dutchess County 2014), a case with a similar situation such as this where there were no tenants in the building paying rent, and the building remained vacant at the request of the Secured Lender, the Supreme Court found that despite the Receiver not having a single tenant in the building, he nevertheless spent a significant amount of time and effort in making sure the building is secure. In that case, because the Receiver had made significant strides to protect the

property for the benefit of the plaintiff, the Court found that the Receiver should be justly compensated for his efforts.

12. Hence, it is respectfully submitted that the Court grant the final Receiver's Commission for the period of March 2020 through May 2020 in the sum of $6,000.00 for the time and effort expended to secure the Subject Premises for the benefit of the Secured Lender even if no rental income was procured from the Subject Premises.

13. Pursuant to the Order of this Court dated May 22, 2020, which directed a separate motion to be filed to address the Receiver's Final Accounting, I henceforth submit the within so the Court can set and approve the final accounting of Bruce N. Lederman as Receiver for the period of March 1, 2019, through the date hereof.

14. Pursuant to New York Civil Practice Law and Rules ("CPLR") § 8004(b), the Secured Lender is properly directed to pay the shortfall in the amount of $19,714.01 so that I may satisfy the foregoing fees and expenses of the receivership.

15. I ask that said payment be paid no later than ten (10) days after entry of the order of this Court.

16. Upon accepting and confirming the within final accounting, I respectfully request the Receiver's bond be discharged.

**WHEREFORE**, I respectfully request an order accepting and confirming the within final accounting for the period of March 1, 2019, through the date hereof be settled and approved; and that, pursuant to CPLR § 8004(b) the Secured Lender be directed to pay the shortfall in the amount of $19,714.01 within ten (10) days of the Court's order herein to fund the Receivership Account so that: (i) I can receive a final commission of $6,000.00, (ii) pay the sum of $15,462.50, as and for legal services rendered by Jeffrey L. Saltiel with regard to the instant litigation and the state court litigation, and (iii) pay $4,000 to the Property Manager for its outstanding monthly fees.

        /s/ Bruce N. Lederman
        Bruce N. Lederman

Sworn to before me this 28th
day of May 2020

/s/ Jeffrey L. Saltiel
Notary Public

> Jeffrey L. Saltiel
> Notary Public – State of New York
> ID Number: 02SA5047624
> Qualified in Richmond County
> My Commission Expires August 7, 2021

## SCHEDULE A

| | |
|---|---|
| Legal services previously rendered and not paid | $13,362.50 |
| Legal services rendered in preparation of Final Accounting including Court Appearance ($350.00 x 6 hours) | $2,100.00 |
| Total | $15,462.50 |

**Calculations**

| | |
|---|---|
| Total income | $105,346.75 |
| Disbursements to Date | -$99,598.26 |
| Current balance in account | $ 5,748.49 |
| Outstanding Legal fees | -$15,462.50 |
| Receiver's Commission (March 2020 – May 2020 @ $2,000 per month) | -$6,000.00 |
| Property Manager fees (April 2020 – May 2020) | -$4,000.00 |
| **Book Balance in Receiver's Account (amount needed from Secured Lender)** | **-$19,714.01** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
IN RE:

51 EAST 73RD ST LLC,  Case No.: 20-10683 (SHL)
  Chapter 11

              Debtor.

  **AFFIRMATION OF JEFFREY L. SALTIEL**
-------------------------------------------------------x

**Jeffrey L. Saltiel**, an attorney duly authorized to practice law before the United States District Court of the Southern District of New York and the Courts of the State of New York, hereby affirms the following to be true under penalty of perjury:

1. I am counsel to the Receiver, Bruce N. Lederman, ("Receiver"), and as such I am fully familiar with the facts and pleadings heretofore had herein. See Order authorizing appoint, hereto annexed as **Exhibit "B"**.

2. I submit this affirmation for the purpose of directing the Receiver to compensate me for the legal services rendered on an hourly basis rate of $350.00 pursuant to a retainer agreement approved by the Supreme Court of the State of New York (**Exhibit "D"**), in the total amount of $15,462.50, which represents the reasonable attorney's fees incurred with respect to this litigation in the United States Bankruptcy Court, including preparation of the within the Final Accounting of the Receiver, and with respect to the State Court litigation. In the figure above, I also

1

included the remaining balance to be paid for legal services rendered in the State Court receivership proceeding.

3. Following 51 East 73rd St LLC's ("Debtor") filing of this case, as Counsel to the Receiver, I filed a Notice of Appearance on March 12, 2020, and also filed an Opposition to Debtor's Application on or about March 16, 2020. As counsel to the Receiver, I appeared at every scheduled court conference to represent the interests of the receivership in the within proceeding. In addition to the court appearances, I sent numerous correspondence and made multiple phone calls to the Receiver, the counsel for NYC NPL Servicing LLC ("Secured Lender"), Debtor's counsel and others.

4. In total, I spent more than 40 hours to work on this case. This time also includes addressing the last motion that was pending with the State Court and making an application to stay the proceedings therein as a result of the bankruptcy stay. Currently, the outstanding bill for prior legal services is $13,362.50, and I anticipate another $2,100.00 in legal fees in preparation of the instant motion, including court appearances, for a total of $15,462.50**.** Copies of my billing records showing outstanding legal fees are annexed herein as **Exhibit "E"**.

5. A receiver is entitled to an allowance for the fees of his or her counsel. <u>Chang v. Zapson</u>, 890 N.Y.S.2d 463 (1st Dept 2009); <u>Smith v. Adlerman</u>, 105 Misc. 223, 172 N.Y.S. 682 (App Term 1918); <u>Adams v. Elwood</u>, 93 N.Y.S. 327 (2nd Dept 1905).

6. In regards to my professional services rendered in this matter as Counsel to the Receiver, I have been a member of the New York bar and the bar of this Court since 1995. Over the course of the previous twenty-five years, I have regularly represented the Court's interests in hundreds of matters as Guardian Ad Litem, Receiver, Referee, Guardian, as well as Counsel to Receiver. My general practice areas include representing clients, including Court-appointed fiduciaries, in all facets of landlord/tenant disputes, real estate matters and bankruptcy. I believe that all of the services rendered herein were necessary and the fees charged are reasonable in light of the results achieved.

7. Compensation for legal services is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved and billed in accordance with my firm's normal billing rates and procedures. My hourly rate as partner at my firm is usually $350 to $500 per hour. For the purpose of this receivership, I have discounted my rate to $350 per hour.

8. Pursuant to the Order of this Court dated May 22, 2020, which directed a separate motion to be filed to address the Receiver's Final Accounting, I henceforth join the Receiver in requesting that the Court direct the Secured Lender to advance the sum of $19,714.01 to cover all account payables, which includes the outstanding legal bills of $15,462.50.

**WHEREFORE**, based on the foregoing it is submitted that the instant request for attorneys fees be granted in all respects together with such other and further relief which this Court deems just in the circumstances.

Dated: Brooklyn, New York
May 28, 2020

    /s/ Jeffrey L. Saltiel
Jeffrey L. Saltiel, Esq.
Wenig Saltiel, LLP
26 Court Street, Suite 1200
Brooklyn, NY 11242

*Counsel to the Receiver*