**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Lori Lapin Jones, Esq., as Chapter 11 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                              Chapter 11

51 EAST 73RD ST LLC,                                                    Case No.: 20-10683 (SHL)

               Debtor.
---------------------------------------------------------------x

### CHAPTER 11 TRUSTEE'S APPLICATION FOR AN ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AND PROCEDURES FOR FILING PROOFS OF CLAIM AGAINST THE DEBTOR'S ESTATE

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

  Lori Lapin Jones, Esq., as Chapter 11 Trustee ("Trustee") of 51 East 73rd St LLC ("Debtor"), by her undersigned counsel, seeks entry of an Order pursuant to section 501 of title 11 of the United States Code ("Bankruptcy Code"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Bankruptcy Rule 3003-1 ("Local Rules"): (i) establishing a deadline ("Bar Date") by which all persons or entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtor which arose prior to the filing of this Chapter 11 case must file proofs of claim; (ii) approving the form and manner of notice of the Bar Date and procedures for filing proofs of claim against the Debtor's estate; and (iii) granting such other and further relief as is just and proper. In support of the Application, the Trustee respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief requested herein include section 501 of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3) and Local Bankruptcy Rule 3003-1.

## BACKGROUND

4. On March 3, 2020 ("Filing Date"), a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code was filed on the Debtor's behalf in the United States Bankruptcy Court for the Southern District of New York ("Court").

5. On March 17, 2020, schedules D and E/F (among others) were filed on the Debtor's behalf ("Schedules"). See ECF No. 17.

6. On April 22, 2020, a notice of presentment of a proposed Order establishing a deadline for filing proofs of claim and approving the form and manner of notice thereof was filed on the Debtor's behalf. See ECF No. 21. No corresponding Order was entered by the Court.

7. On May 7, 2020, an amended Schedule D was filed on the Debtor's behalf. See ECF No. 27.

8. Following a hearing held on May 18, 2020, the Court found cause for the appointment of a Chapter 11 trustee pursuant to sections 1104(a)(1) and 1104(2) of the Bankruptcy Code and found that the appointment of a Chapter 11 trustee would be in the best interests of the Debtor's estate and its creditors. By Order dated May 22, 2020, the Court directed the appointment of a Chapter 11 trustee in this case. See ECF No. 41.

9. By Notice of Appointment of Chapter 11 Trustee dated May 28, 2020, the U.S. Trustee appointed Lori Lapin Jones, Esq. as Chapter 11 trustee of the Debtor. See ECF No. 43. By application dated May 28, 2020, the U.S. Trustee sought entry of an Order approving the appointment of Lori Lapin Jones, Esq. as Chapter 11 trustee of the Debtor. See ECF No. 44. By Order dated June 1, 2020, the Court approved the appointment of Lori Lapin Jones, Esq. as Chapter 11 trustee of the Debtor. See ECF No. 45.

10. No committee of creditors holding unsecured claims was appointed in this case.

## REQUESTED RELIEF

11. By this Application, the Trustee requests that the Court enter an Order: (a) establishing the Bar Date; and (b) approving the form and manner of notice of the Bar Date. A proposed Order is annexed as Exhibit A.

**A. Establishment of the Bar Date**

12. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim may be filed. See FED. R. BANKR. P. 3003(c)(3). Pursuant to Local Rule 3003-1, a request for an order establishing a deadline for filing proofs of claim in a Chapter 11 case must conform to certain guidelines ("Guidelines"). See Local Rule 3003-1.

13. Prior to the Trustee's appointment, the Debtor sought entry of an Order establishing the date by which all entities holding claims against the Debtor that arose prior to the Filing Date must file proofs of claim, see ECF No. 21, but no corresponding Order was entered by the Court. The Trustee now requests that the Court enter an Order establishing the Bar Date and proposes March 19, 2021 as the Bar Date. The Trustee also requests that the Court approve the form and manner of notice of the Bar Date.

14. Subject to the exceptions listed in paragraph 15 below, the Trustee proposes that all persons or entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtor which arose prior to the Filing Date must file proofs of claim by the Bar Date.

15. The Trustee proposes that the following persons and entities, whose claims otherwise would be subject to the Bar Date, need not file proofs of claim by the Bar Date:

   a. any person or entity that has already filed a proof of claim against the Debtor in this case in a form substantially similar to Official Bankruptcy Form No. 410;

   b. any person or entity whose claim is listed on the Schedules filed by the Debtor (including any amendments thereto), provided that: (i) the claim is not scheduled as "disputed", "contingent" or "unliquidated"; and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

   c. any holder of a claim that heretofore has been allowed by Order of this Court;

   d. any person or entity whose claim has been paid in full by the Debtor;

   e. any holder of a claim for which specific deadlines have previously been fixed by this Court; or

   f. any holder of a claim allowable under section 503(b) and section 507(a)(2) of the Bankruptcy Code as an expense of administration.

16. The Trustee proposes that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of the Order establishing the Bar Date, must file a proof of claim based on such rejection on or before the Bar Date.

17. The Trustee further proposes that holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against the Debtor (including a claim relating to

4

an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the Bar Date.

**B. <u>Procedures for Providing Notice of the Bar Date and Filing Proofs of Claim</u>**

18. The Trustee proposes to serve a notice of the Bar Date, substantially in the form annexed as <u>Exhibit B</u> ("<u>Bar Date Notice</u>"). The Bar Date Notice states, among other things, that proofs of claim must be filed with the Clerk of the Court for the United States Bankruptcy Court for the Southern District of New York ("<u>Clerk</u>") on or before the Bar Date and that failure to properly file a proof of claim in could result in the claim being disallowed. <u>See</u> <u>Exhibit B</u>.

19. The Trustee proposes to serve the Bar Date Notice at least thirty-five (35) days prior to the Bar Date by first class mail to:

    a. the United States Trustee;

    b. all persons or entities that have requested notice in this Chapter 11 case;

    c. all persons or entities that have filed claims;

    d. all creditors or other known holders of claims, including all persons or entities listed in the Schedules (and any amended Schedules) as holding claims;

    e. all parties to executory contracts and unexpired leases of the Debtor (if any);

    f. all parties to litigation with the Debtor (if any);

    g. all known parties to litigation with the Debtor;

    h. the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Clerk); and

    i. such additional entities as deemed appropriate by the Trustee.

20. The Trustee submits that notice of the Bar Date in the form and manner proposed by the Trustee is fair and reasonable and will provide good, sufficient, and due notice to all creditors, and parties in interest of their rights and obligations in connection with claims they may

assert against the Debtor's estate in this Chapter 11 case. The proposed notice period complies with the Guidelines.

21. The Trustee proposes that the following procedures shall govern the filing of proofs of claims:

   a. proofs of claim must conform substantially to Official Bankruptcy Form No. 410;

   b. attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Next Generation CM/ECF ("NextGen") system. Those without accounts with the NextGen system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at www.nysb.uscourts.gov or by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004-1408;

   c. proofs of claim will be deemed filed only when received by the Clerk of the Bankruptcy Court on or before the Bar Date;

   d. proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency.

22. If the Debtor amends the Schedules subsequent to having given notice of the Bar Date as provided herein, the Debtor shall give notice of any amendment to the holders of claims affected thereby and such holders shall be afforded the later of (a) the Bar Date; or (b) 30 days from the date such notice is given (or such other time period as may be fixed by the Court) to file proofs of claim, if necessary, or be barred from doing so.

23. The Trustee expressly retains the right to dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise.

### C. Effect of Failure to File Proofs of Claim

24. The Trustee proposes that, pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that arose prior to the Filing Date that fail to timely file a proof of claim in appropriate form on or before the Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

### NO PRIOR REQUEST

25. No prior request for the relief sought in this Application has been made by the Trustee to this or any other court.

26. Prior to filing this Application, secured creditor by NYC NPL Servicing LLC confirmed it had no objections to the relief sought herein.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order, substantially in the form annexed as Exhibit A: (i) establishing March 19, 2021 as the Bar Date in this case pursuant to section 501 of the Bankruptcy Code, Bankruptcy Rule 3003(c)(3) and Local Bankruptcy Rule 3003-1; (ii) approving the form and manner of service of the Bar Date; and (iii) granting such other and further relief as the Court may deem proper.

Dated: February 2, 2021
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Lori Lapin Jones, Esq., as Chapter 11 Trustee

By: *s/ Holly R. Holecek*
Holly R. Holecek, Esq.
A Partner of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500